Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Parte Apelada<br><br>v.<br><br>SUCESIÓN DE JUAN ANTONIO REYES RÍOS<br><br>Parte Apelante | TA2026AP00516 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm. D CD2016-0645<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca por la Vía Ordinaria |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera

Rodríguez Flores, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 18 de junio de 2026.

El 19 de mayo de 2026, la parte apelante, compuesta por Maretza Emilia Reyes Méndez y Maritza Enid Méndez Muñiz t/c/c Maretza Enid Méndez Muñiz (en adelante, señora Reyes Méndez), incoó un *Recurso de Apelación[1],* donde solicita que revoquemos la *Sentencia Sumaria* emitida el 9 de marzo de 2026, y notificada al día siguiente, por el Tribunal de Primera Instancia (TPI), Sala de Bayamón.

Evaluado el tracto procesal del caso ante el foro primario, nos percatamos que la señora Reyes Méndez presentó su moción solicitando reconsideración de la *Sentencia Sumaria* el 27 de marzo de 2026; es decir, vencido el término jurisdiccional de quince (15) días dispuesto en la Regla 47 de Procedimiento Civil, *infra.* También notamos que, el 20 de abril de 2026, el TPI dictó la *orden* mediante la cual declaró *no ha lugar* a la solicitud de reconsideración de la señora Reyes Méndez.

---

[1] *Recurso de Apelación,* Expediente Electrónico del Sistema Unificado de Manejo y Administración de Casos para el Tribunal de Apelaciones (SUMAC-TA), Entrada 1.

Ante este escenario, y en aras de auscultar nuestra jurisdicción para considerar el recurso incoado, el 22 de mayo de 2026, emitimos una *Resolución[2]* mediante la cual ordenamos a la señora Reyes Méndez mostrar causa por la cual no debíamos desestimar su recurso, por falta de jurisdicción, toda vez que la solicitud de reconsideración ante el foro apelado se presentó transcurrido el término establecido en la Regla 47 de Procedimiento Civil, *infra.*

El 29 de mayo de 2026, la señora Reyes Méndez presentó una *Moción en Cumplimiento de Orden.[3]* Adujeron que no procede la desestimación del recurso porque la sentencia apelada carecía de validez por falta de notificación a su representación legal y la moción de reconsideración había sido acogida y resuelta por el TPI.

Examinado escrito de la señora Reyes Méndez, a la luz del derecho aplicable, y por los fundamentos que expondremos a continuación, *desestimamos* el recurso por falta de jurisdicción, por haberse presentado tardíamente.

**I.**

La demanda de este caso se presentó el 15 de marzo de 2016, por el Banco Popular de Puerto Rico (BPPR) contra el señor Juan Antonio Reyes Ríos, su esposa Maritza Enid Méndez Muñiz t/c/c Maretza Enid Méndez Muñiz y la Sociedad Legal de Gananciales compuesta por ambos.[4]

Referido el caso al Centro de Mediación de Conflictos en casos de ejecución de hipoteca, la primera sesión se llevó a cabo el 25 de octubre de 2016, y allí se orientó a la parte demandada sobre alternativas de retención y de disposición disponibles. Se señaló otra reunión de mediación para el 8 de diciembre de 2016, pero en

---

[2] *Resolución, Íd.,* Entrada 3.
[3] *Moción en Cumplimiento de Orden, Íd.,* Entrada 4.
[4] *Demanda, Íd.*, Entrada 1, Apéndice 1, anejo IV.

esa fecha la mediadora devolvió el caso al TPI porque el codemandado Juan Antonio Reyes no había contestado la demanda.

Así las cosas, tras múltiples incidentes procesales y periodos de paralización motivados por el paso del Huracán María, la pandemia del coronavirus y solicitudes de asistencia hipotecaria, el 24 de agosto de 2023 el BPPR enmendó la demanda para incluir como codemandados a los miembros de la Sucesión de Juan Antonio Reyes Ríos (señora Reyes Méndez), el Departamento de Hacienda y al Centro de Recaudación de Impuestos Municipales (CRIM).[5]

Luego, el trámite judicial se volvió a paralizar por la presentación de subsiguientes solicitudes de asistencia hipotecaria y evaluación para alternativas de mitigación de pérdida. El 1 de octubre de 2024, el BPPR informó al tribunal que la parte demandada no sometió los documentos requeridos para completar su evaluación de *loss mitigation* y solicitó la continuación de los procedimientos judiciales y señalamiento de vista. El TPI reanudó los procesos y señaló fecha para la celebración de la vista sobre el estado de los procedimientos. La señora Reyes Méndez recurrió de ese dictamen interlocutorio y este Tribunal de Apelaciones y el Tribunal Supremo declinaron intervenir con la determinación emitida por el TPI (KLCE202101326, y CC-2025-0250).

Más adelante, el 3 de noviembre de 2025, el abogado de la señora Reyes Méndez, Lcdo. Gierbolini Bonilla, presentó una *Moción de Relevo de Representación Legal*, en la que, a su vez, informó la dirección postal de su representada y solicitó que se le concediera a esta un término para anunciar su nueva representación legal.[6] Mediante *orden* dictada el 5 de noviembre de 2025, el TPI relevó al Lcdo. Gierbolini Bonilla de la representación legal de la señora Reyes Méndez y concedió a esta un término de veinte (20) días para

---

[5] *Demanda Enmendada, Íd.,* Apéndice 12, anejo X.
[6] *Moción de Relevo de Representación Legal, Íd.,* Apéndice 15, anejo XIII.

anunciar nueva representación legal. También dispuso que las "[p]artes disponen de término concurrente de treinta (30) días para cumplir con Orden de fecha 3 de noviembre de 2025, notificada el 4 de noviembre de 2025".[7]

El 11 de diciembre de 2025, el BPPR instó una *Solicitud de Sentencia Sumaria.*[8] Adujo que no existía controversia sobre los hechos materiales del caso y que procedía adjudicar el pleito a su favor.

Casi tres meses después de la petición sumaria, el 9 de marzo de 2026, la señora Reyes Méndez presentó una *Moción Asumiendo Representación Legal y en Solicitud de Prórroga*[9], en la que anunció que había contratado los servicios profesionales de la Lcda. Lizibel Salazar Acevedo (Lcda. Salazar Acevedo) para representarle en el caso y solicitó término para contestar la solicitud de sentencia sumaria del BPPR.

También, ese 9 de marzo de 2026, el TPI dictó la *Sentencia Sumaria* objeto del presente recurso. En sus determinaciones de hecho el tribunal consignó la existencia de la deuda, su impago y la garantía hipotecaria. También mencionó que en el expediente judicial constan múltiples mociones presentadas por ambas partes demostrativas de que la parte deudora presentó varias solicitudes de asistencia hipotecaria y que se acogió al proceso de mitigación de pérdidas, pero ninguna culminó con una alternativa permanente. Al final, declaró *con lugar* la demanda sobre cobro de dinero y ejecución de hipoteca promovida por BPPR en contra del inmueble perteneciente a la señora Reyes Méndez. Según se desprende del *Formulario Único de Notificación-OAT1812*, la sentencia se notificó el 10 de marzo de 2026, directamente a la señora Reyes Méndez, a la

---

[7] *Orden, Íd.,* Apéndice 16, anejo XIV. La Orden de 3 de noviembre de 2025 no se incluyó en el apéndice del recurso.
[8] *Solicitud de Sentencia Sumaria, Íd.,* Apéndice 17, anejo XV.
[9] *Moción Asumiendo Representación Legal y en Solicitud de Prórroga, Íd.,* Apéndice 18, anejo XVI.

dirección provista por el Lcdo. Gierbolini Bonilla en la moción sobre renuncia de representación legal.[10]

Posteriormente, el 13 de marzo de 2026, notificada el 19 de marzo de 2026, el TPI dictó una *orden* mediante la cual dispuso: "Se toma conocimiento de la representación legal de la Lcda. Salazar Acevedo. No Ha Lugar a solicitud de prórroga. Véase Sentencia de fecha 9 de marzo de 2026, notificada el 10 de marzo de 2026".[11]

Inconforme con la *Sentencia Sumaria* dictada en su contra, el 27 de marzo de 2026, la señora Reyes Méndez presentó una *Solicitud de Reconsideración*.[12] Arguyó que la sentencia sumaria era nula por no habérsele notificado a la Lcda. Salazar Acevedo y porque presuntamente tampoco se había cumplido con el requisito jurisdiccional de mediación compulsoria establecido en la Ley Núm. 184-2012 para casos como el presente, en el que un acreedor solicita la ejecución de la vivienda principal de un deudor, previo a emitirse el dictamen judicial.

Examinada la *Réplica a Solicitud de Reconsideración* presentada por el BPPR, el 20 de abril de 2026, el TPI dictó *orden* mediante la cual declaró *no ha lugar* a la *Solicitud de Reconsideración* de la señora Reyes Méndez. La orden se notificó el 27 de abril de 2026, a las representaciones legales de las partes y así también a la señora Reyes Méndez.[13]

Insatisfecha aún, el 19 de mayo de 2025, la señora Reyes Méndez instó el recurso[14] que nos ocupa y apuntó como único señalamiento que:

> Erró el TPI al emitir sentencia sumaria sin que se haya cumplido con el proceso de mediación compulsoria requerido por la Ley 184-2012.

---

[10] *Sentencia Sumaria* y Notificación, *Íd.,* Apéndice 2, anejo I.
[11] *Orden, Íd.,* Apéndice 19, anejo XVII.
[12] *Solicitud de Reconsideración, Íd.,* Apéndice 4, anejo II.
[13] *Orden* y *Notificación, Íd.,* Apéndice 5, Anejo III.
[14] *Recurso de Apelación, Íd.*

El 11 de junio de 2026, la señora Reyes Méndez presentó una *Moción Sobre Paralización de los Procedimientos Hasta la Culminación del Procedimiento del Programa de Mitigación de Pérdida Hipotecaria "Loss Mitigation",* cuyo título explica por sí mismo su propósito.[15]

**II.**

**A.**

La Regla 52.2 (a) de Procedimiento Civil[16], al igual que la Regla 13 (A) del Reglamento de este Tribunal de Apelaciones[17], concede a las partes un término jurisdiccional de treinta (30) días para instar un recurso de apelación ante nos. Dicho término se cuenta a partir del archivo en autos de copia de la notificación de la sentencia dictada por el Tribunal de Primera Instancia.

Sin embargo, existen remedios posteriores a la sentencia que podrían tener el efecto de interrumpir dicho término, si la moción a tales efetos se presenta de forma oportuna y de acuerdo con la Regla de Procedimiento Civil aplicable. Según el inciso (e) de la Regla 52.2 de Procedimiento Civil[18], entre los remedios que pueden tener el efecto de interrumpir el término para apelar se encuentra la oportuna presentación de una moción de reconsideración al amparo de la Regla 47 de Procedimiento Civil, *infra.* El referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de la orden que resuelva la moción de reconsideración.[19]

En específico, la Regla 47 de Procedimiento Civil[20], concede a la parte adversamente afectada por una orden, resolución o sentencia del Tribunal de Primera Instancia, la oportunidad de

---

[15] *Moción Sobre Paralización de los Procedimientos, Íd.,* Entrada 5.
[16] 32 LPRA Ap. V, R. 52.2 (a).
[17] Regla 13 (A) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025).
[18] 32 LPRA Ap. V, R. 52.2 (e)*.*
[19] *Íd.*
[20] 32 LPRA Ap. V, R. 47.

presentar una moción de reconsideración dentro del término de quince (15) días desde la fecha de la notificación de la orden, resolución o sentencia. La solicitud debe exponer con suficiente particularidad y especificidad los hechos y el derecho que se estima deben reconsiderarse.

Si se trata de una sentencia, el referido término de quince (15) días es de carácter jurisdiccional.[21] Es norma conocida que un término jurisdiccional es "fatal, improrrogable e insubsanable, rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse".[22] En cambio, el plazo para solicitar reconsideración de una orden o resolución es de cumplimiento estricto, lo que significa que puede ser prorrogado por justa causa.[23]

En cuanto a la interrupción del término para ir en revisión al foro apelativo intermedio, la referida regla procesal indica que "[u]na vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración".[24]

A su vez, para que una moción de reconsideración interrumpa el término para que las partes recurran al foro apelativo intermedio, ésta debe presentarse de manera oportuna.[25] En esa línea, el Tribunal Supremo resolvió en *Dumont v. Inmobiliaria Estado, Inc.*[26], que los tribunales pueden enmendar sustancialmente sus sentencias siempre que éstas no hayan advenido finales y firmes, y el tribunal actúe por motivo de una moción de reconsideración

---

[21] *Simons y otros v. Leaf Petroleum Corp. y otros,* 209 DPR 216, 224 (2022).

[22] *Insular Highway v. A.I.I. Co,* 174 DPR 793, 805 (2008).

[23] *Simons y otros v. Leaf Petroleum Corp. y otros,* supra; *Morales y otros v. The Sheraton Corp.,* 191 DPR 1, 7 (2014); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 92 (2013).

[24] Regla 47 de Procedimiento Civil, *supra.*

[25] *Morales y otros v. The Sheraton Corp.,* supra, pág. 8.

[26] 113 DPR 406, 413 (1982), seguido en *Insular Highway v. A.I.I. Co,* supra, pág. 806.

oportunamente presentada y acogida para su consideración según la Regla 47 de Procedimiento Civil, *supra.*

Sin embargo, el Tribunal Supremo ha reconocido, como excepción, que un tribunal puede considerar una moción de reconsideración como una de relevo de sentencia. Esto, aunque haya transcurrido el término para considerar la reconsideración o aun después de que haya advenido final y firme la sentencia, siempre y cuando la referida moción cumpla estrictamente con los requisitos establecidos en dicha regla. Es decir, una moción de reconsideración que aduzca los fundamentos de la Regla 49.2 de Procedimiento Civil, *infra,* puede ser considerada como una moción de relevo de sentencia, aun si es presentada después de los quince (15) días.[27]

**B.**

La Regla 49.2 de Procedimiento Civil[28] es el mecanismo procesal que permite al tribunal relevar a una parte de una sentencia, orden o procedimiento, cuando esté presente alguna de las causales que dispone la citada regla.[29]

Específicamente, la regla dispone que, mediante una moción a esos efectos, el tribunal podrá relevar a una parte de una sentencia cuando ocurra alguna de las siguientes razones: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de Procedimiento Civil; (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de la sentencia; (e) la

---

[27] *García Colón et al. v. Sucn. González,* 178 DPR 527, 541 (2010).
[28] 32 LPRA Ap. V, R. 49.2.
[29] *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* 207 DPR 636, 657 (2021).

sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.[30]

El foro judicial tiene la discreción de sopesar los factores de la precitada regla y determinar si procede relevar a una parte de los efectos de una sentencia, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha.[31] Cuando se trata de una sentencia nula no hay margen de discreción. Ésta tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o reclamación del perjudicado.[32] En los demás casos, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen tal concesión. Como regla general, la existencia de una buena defensa -además de alguna de las circunstancias previstas en la Regla 49.2 de Procedimiento Civil, *supra,* ya mencionadas- sumado a que el relevo no ocasione perjuicio alguno a la parte contraria, debe siempre inclinar la balanza a favor de la reapertura.[33]

El Tribunal Supremo ha indicado, además, que la Regla 49.2 de Procedimiento Civil, *supra,* debe interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una sentencia, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos.[34] Sin embargo, esta Regla no es

---

[30] Regla 49.2 de Procedimiento Civil, *supra.* La Regla 49.2 de Procedimiento Civil, *supra,* establece que sus disposiciones no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en los incisos (c) o (d). La limitación obedece a razones de orden público, ya que con el divorcio surge un nuevo estado civil y, al mismo tiempo, permite a las partes crear otro, por lo que es necesario salvaguardar los dictámenes judiciales en los que se decreta la disolución del vínculo matrimonial. *Náter v. Ramos,* 162 DPR 616, 625 (2004).
[31] *Pérez Ríos et al. v. CPE,* 213 DPR 203, 2015 (2023); *García Colón et al. v. Sucn. González*, supra, pág. 540.
[32] *García Colón et al. v. Sucn. González,* supra, págs. 543-544.
[33] *Íd.,* págs. 540-541.
[34] *Íd.,* pág. 541.

una llave maestra para reabrir controversias ni sustituye los recursos de apelación o reconsideración. Es decir, el precepto no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración o apelación.[35] Es decir, su función no es corregir errores de derecho, ni errores de apreciación o valoración de la prueba, pues estos son fundamentos para una reconsideración o para la apelación de la sentencia, no para el relevo de esta.[36]

### C.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[37] Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional, pues una sentencia dictada sin jurisdicción es nula.[38] Cónsono con ello, el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[39]

Así, el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe.[40] Consecuentemente, cuando un tribunal carece de jurisdicción, está obligado a así declararlo y desestimar el recurso, sin entrar en los méritos de la controversia.[41] Cónsono con ello, la Regla 83 del

---

[35] *Íd.*

[36] *Íd.,* pág. 543.

[37] *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Beltrán Cintrón et al. v. ELA et al,* 204 DPR 89, 101 (2020).

[38] *Metro Senior v. AFV,* 209 DPR 203, 208-209 (2022); *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018).

[39] *Ruiz Camilo v. Trafon Group, Inc.,* supra.

[40] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019).

[41] *Rivera Marcucci v. Suiza Dairy Inc.,* 196 DPR 157, 165 (2016); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.[42]

## III.

Según surge del trámite procesal del presente caso, la moción mediante la cual la Lcda. Salazar Acevedo anunció que asumió la representación legal de la señora Reyes Méndez fue presentada el mismo día en que el TPI dictó la *Sentencia Sumaria,* 9 de marzo de 2026. Al siguiente día, 10 de marzo de 2026, el TPI notificó la *Sentencia Sumaria* directamente a la señora Reyes Méndez, a la dirección provista por el Lcdo. Gierbolini Bonilla en la moción sobre renuncia de representación legal.

La Regla 67.2 de Procedimiento Civil[43], establece la forma en que se hará toda notificación. Indica que siempre que una parte haya comparecido representada por abogado, la notificación se hará al abogado, a menos que el tribunal ordene que la notificación se efectúe a la parte misma. Colegimos que el TPI notificó debidamente la sentencia directamente a la señora Reyes Méndez, pues, para efectos del récord, esta no tenía representación legal. Para que el TPI estuviera obligado a notificar la sentencia a la nueva representación legal de la señora Reyes Méndez (Lcda. Salazar Acevedo), el tribunal tenía que haber aceptado dicha representación legal, lo que, hasta ese momento no había ocurrido.

El TPI tomó conocimiento de que la Lcda. Salazar Acevedo asumió la representación legal de la señora Reyes Méndez mediante una orden notificada el 19 de marzo de 2026. Para esa fecha, faltaban seis (6) días para que venciera el término jurisdiccional de quince (15) días para solicitar la reconsideración de la sentencia sumaria notificada el 10 de marzo de 2026. Dicho término venció el

---

[42] Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).
[43] 32 LPRA Ap. V., R.67.2.

25 de marzo de 2026.  Sin embargo, no fue hasta el 27 de marzo de 2026, que la Lcda. Salazar Acevedo solicitó la reconsideración de la sentencia.  Es decir, dos (2) días después de vencido el término jurisdiccional de quince (15) días disponible.

Debemos recordar que las *Reglas de Conducta Profesional de Puerto Rico*[44] imponen a todo abogado y abogada el deber ineludible de actuar con diligencia razonable y prontitud al asumir la representación de su cliente.[45]  Por lo que, una vez un abogado asume la representación legal de un cliente, ostenta ante ese cliente y ante el tribunal la responsabilidad de llevar a cabo su gestión profesional con el más alto grado de diligencia.[46]  En el caso que nos ocupa, no encontramos justificación alguna para no haberse presentado la moción de reconsideración en tiempo, más aún cuando el TPI tomó conocimiento de la representación legal de la Lcda. Salazar Acevedo dentro del plazo hábil para presentar la referida moción de reconsideración.

Así pues, toda vez que la sentencia sumaria se notificó el 10 de marzo de 2026, el término jurisdiccional de quince (15) días para solicitar la reconsideración de dicha determinación venció el miércoles, 25 de marzo de 2026.  La señora Reyes Méndez, a través de la Lcda. Salazar Acevedo, presentó la moción de reconsideración el viernes, 27 de marzo de 2026, vencido el referido plazo improrrogable de quince (15) días.  En virtud de lo anterior, concluimos que dicha moción de reconsideración resultó tardía y no tuvo el efecto de interrumpir el término jurisdiccional de treinta (30) días para apelar ante este foro apelativo.

---

[44] *ER-2025-0002, In re: Aprobación de las Reglas de Conducta Profesional de Puerto Rico; Requisito de créditos de educción jurídica continua sobre las Reglas de Conducta Profesional; Comité Asesor Permanente para la Revisión de las Reglas de Conducta Profesional,* 2025TSPR 64, emitida el 17 de junio de 2025.
[45] *Íd.,* Regla 1.3. Diligencia.
[46] *In re: Roldós Matos,* 161 DPR 373, 384 (2007), interpretando el Canon 18 del derogado Código de Ética Profesional (1970), que disponía que el abogado debe desempeñar la profesión legal cabal y diligentemente.

Así también, debido a que la presentación de la moción de reconsideración resultó tardía, la actuación del TPI sobre dicha moción – mediante *Resolución* emitida el 20 de abril de 2026, y notificada el 27 de abril de 2026 - resultó inoficiosa para computar el mencionado término jurisdiccional de treinta (30) días para apelar. Así pues, habiéndose notificado la sentencia sumaria el 10 de marzo de 2026, sin el término para apelar hubiese sido oportunamente interrumpido, este venció el 9 de abril de 2026. Consecuentemente, el recurso presentado el 19 de mayo de 2026, resultó tardío.

Finalmente, y bajo un análisis alternativo, la moción de reconsideración de la señora Reyes Méndez tampoco puede considerarse como una solicitud de relevo, pues ésta no cumple con los requisitos dispuestos en la Regla 49.2 de Procedimiento Civil, *supra*. La señora Reyes Méndez alegó que se violentó el debido proceso de ley de la promovente, en su vertiente procesal, por falta de notificación a su abogada, y que presuntamente no se había cumplido con el requisito jurisdiccional de mediación compulsoria dispuesto en la ley Núm. 184-2012, previo a emitirse el dictamen judicial.

Según expusimos, el TPI actuó correctamente al notificar la sentencia sumaria directamente a la señora Reyes Méndez, el 10 de marzo de 2026, puesto que para ese momento no tenía representación legal informada.

En cuanto al presunto incumplimiento del requisito de mediación compulsoria dispuesto en la Ley Núm. 184-2012 en el presente caso, el TPI hizo constar en su sentencia que la parte demandada presentó varias solicitudes de asistencia hipotecaria y que se acogió al proceso de mitigación de pérdidas, pero ninguna culminó con una alternativa permanente. La Ley Núm. 184-2012 impone al tribunal el requisito jurisdiccional de ordenar a las partes

a que comparezcan a un procedimiento de mediación compulsoria previo a dictarse sentencia en ejecución de una hipoteca.[47] Empero, el foro sentenciador podrá continuar con el proceso judicial cuando: (1) el acreedor acudió a la vista de mediación, pero el deudor no se presentó; (2) las partes acudieron a la vista y se cumplieron los requisitos de ley, pero no llegaron a un acuerdo, o (3) el deudor incumplió con los acuerdos contraídos como resultado del proceso de mediación.[48] Si acontece una de las circunstancias previamente señaladas, el proceso judicial se reanudará en el asunto que se encontraba previo a que el Tribunal ordenase la vista de mediación.[49]

El no llegar a una alternativa permanente para resolver la controversia permitía que el acreedor hipotecario solicitara la continuación del procedimiento judicial de ejecución, incluyendo solicitar cualquier remedio disponible en las Reglas de Procedimiento Civil de Puerto Rico, lo que, en efecto, ocurrió al solicitar que se adjudicara el pleito de manera sumaria. En fin, al no presentar aspecto alguno de nulidad en la sentencia sumaria, tampoco procedía atender la solicitud de reconsideración como una petición de relevo de sentencia.

Recapitulando, habiéndose notificado la sentencia sumaria impugnada el 10 de marzo de 2026, el término jurisdiccional para apelar ante este Foro, al no ser interrumpido oportunamente, venció el 9 de abril de 2026. La señora Reyes Méndez incoó su recurso el 19 de mayo de 2026, cuando ya había expirado el plazo jurisdiccional de treinta (30) días disponible para ello. Por tal razón, el *Recurso de Apelación* fue presentado tardíamente y estamos obligados a desestimarlo por falta de jurisdicción. En consecuencia,

---

[47] *Oriental Bank v. Caballero García*, 212 DPR 671, 673 (2023); *Bco. Santander v. Correa García*, 196 DPR 452, 472 (2016).
[48] *Bco. Santander v. Correa García*, supra, pág. 473.
[49] *Íd.,* págs. 473-474.

se declara *no ha lugar* a la *Moción Sobre Paralización de los Procedimientos Hasta la Culminación del Procedimiento del Programa de Mitigación de Pérdida Hipotecaria "Loss Mitigation".*

**IV.**

A la luz de lo antes expuesto, se desestima el recurso presentado por falta de jurisdicción, al haberse presentado tardíamente, y se declara *no ha lugar* a la *Moción Sobre Paralización de los Procedimientos Hasta la Culminación del Procedimiento del Programa de Mitigación de Pérdida Hipotecaria "Loss Mitigation".*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones